NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ETEM IBRAIMI, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-CV-3644 (DMC) |
| MICHAEL CHERTOFF, et al., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Michael Chertoff, Emilo T. Gonzalez, Kimberly J. Zanotti, United States Department of Homeland Security, Citizenship and Immigration Services and United States Department of Homeland Security (collectively "Defendants") to dismiss Plaintiff Etem Ibraimi's ("Plaintiff") Complaint for lack of Subject Matter Jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) or, in the alternative, for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

**I.   BACKGROUND**[1]

Plaintiff, a Macedonian citizen, entered the United States on August 25, 1985. Plaintiff

---

[1] The facts set-forth in this Opinion are taken from Defendants' statements in their moving papers, as well as the Complaint.

unsuccessfully applied for a United States visa in his home country, but, despite being denied, still traveled to and resided in the United States in the State of New Jersey.  Approximately one year after entering the United States, Plaintiff married Susan Marie Seville ("Seville"), an American citizen who then filed an I-130 Petition for Alien Relative on Plaintiff's behalf. The Immigration and Naturalization Service ("INS") approved said petition and Plaintiff thereafter attempted to obtain a valid immigrant visa.  When this attempt failed, Plaintiff filed an I-485 Application for Permanent Residence.

      INS, however, determined that Plaintiff's marriage to Seville was a "sham marriage" perpetuated for the purpose of circumventing immigration laws.  The INS made this determination when Seville failed to provide documentation in support of their alleged marriage and common residence and after discrepancies were discovered in Plaintiff's and Seville's applications and interviews.  In an interview conducted as part of Plaintiff's application, Plaintiff stated that Seville had no children, contradicting Seville's statement that she lived with her children and Plaintiff.  Plaintiff did not know the name of Seville's employer or the date of their marriage.  Further, Plaintiff repeatedly indicated that he did not have children and he had not been married prior to marrying Seville.  Plaintiff, however, had married Nasia Ibraimi ("Nasia") in Macedonia on July 20, 1983, and was still married to her during his alleged marriage to Seville.  Consequently, the INS revoked the petition, denied his subsequent Application for Permanent Residence and ordered Plaintiff to depart the country.

      Plaintiff did not leave the United States but, instead, tried to gain legal status seven years later.  Giovanni's Restaurant submitted an I-140 Immigrant Petition for Alien worker on behalf

2

of Plaintiff, which was approved on February 7, 1997.  With that approval, Plaintiff filed an I-485 Application to Register Permanent Residence or Adjust Status in order to become a permanent resident.  In this application, unlike those Plaintiff previously submitted, he represented that he was married to Nasia, and had three children.  On July 23, 1997, INS issued a notice of intent to deny the application because Plaintiff did not have legal status in the United States and accepted employment without authorization.  Plaintiff failed to supplement his application when he was given the opportunity to do so, but instead filed another I-485 application.

On June 28, 2001, INS sent Giovanni's Restaurant notice of its intent to revoke the previously approved I-140 visa petition that the restaurant filed on behalf of Plaintiff. INS chose to exercise its discretion, reasoning that said petition should not have been granted as Plaintiff entered into a sham marriage in order to evade immigration laws.

In an affidavit opposing the revocation, Plaintiff claimed that his marriage to Seville was valid. Plaintiff alleged that he was not aware that he could not marry more than one woman because in the Muslim culture it is acceptable for a man to have more than one wife.  Plaintiff further represented that he never hid this fact.  Numerous filings, however, reflect an omission of any reference to his first wife or children and a direct written representation that he was never married before.  Plaintiff also asserted on his I-485 application that he did not intend to engage in polygamy.

On September 12, 2001, INS sent notice to Giovanni's Restaurant revoking the I-140 visa petition pursuant to its discretion under 8 U.S.C. §1155.  Plaintiff then filed an appeal with the

3

Board of Immigration Appeals ("BIA"), which was dismissed because of lack of standing. The BIA reasoned that only Giovanni's Restaurant had standing to appeal the revocation of the visa petition because it was the party that submitted the petition, and Plaintiff, as the beneficiary of the petition, did not have standing to appeal. Plaintiff filed a motion to reconsider which was denied by the Citizenship and Immigration Services ("CIS") in July 2007. The CIS held that the BIA properly found that Plaintiff lacked standing and that INA § 204(c), 8 U.S.C. § 1154(c) prohibits approval of cases regarding marriages entered into for the purpose of evading immigration laws. The CIS also denied Plaintiff's I-485 application because it was based on the now revoked petition.

Plaintiff seeks a declaratory judgment that Defendants' actions in revoking the prior approval of the I-140 visa petition for an immigrant worker and in denying the application for adjustment of status to lawful permanent resident were contrary to law. Defendants seek to dismiss the Complaint for lack of standing and subject matter jurisdiction, and submit that the decision to revoke the petition is supported by substantial evidence. Plaintiff has not submitted a response.

## II.  STANDARD OF REVIEW

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited;

conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [f]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

Further, this Court's jurisdiction is limited to "actual cases and controversies," which is partially determined by whether a plaintiff has standing to sue. U.S. Const. Art. III, § 2; see also Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). In fact, "Article III standing goes to the very heart of a court's subject matter jurisdiction. It determines whether the court has jurisdiction to resolve a dispute on the merits." In re Franklin Mut. Funds Fee Litigation, 388 F. Supp. 2d 451 (D.N.J. 2005). As stated in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), a plaintiff has standing when:

> First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560-61 (citations and internal quotations omitted).  In other words, "[t]he triad of injury in fact, causation, and redressability comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 103-04.

**III.    DISCUSSION**

    **A.    Plaintiff Lacks Standing**

A Plaintiff has standing when it suffers an "injury in fact," an invasion of a legally protected interest.  The above mentioned requirements for Article III constitutional standing "ensure that plaintiffs have a personal stake or interest in the outcome of the proceedings, sufficient to warrant their invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on their behalf." Ballentine v. United States, 486 F.3d 806, 814 (3d Cir. 2007) (citing Khodara Envtl., Inc. v. Blakely, 376 F.3d 187, 193 (3d Cir. 2004)).  Here, Plaintiff has not suffered an injury in fact because Plaintiff cannot claim an invasion of his legally protected interest.  "Admission to the United States is a privilege granted by the United States government, thus an alien lacks any constitutionally protected right to enter the United States as a nonimmigrant." Blacher v. Ridge, 436 F. Supp. 2d 602, 606 (S.D.N.Y. 2006) (citing United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 542 (1950)).  Giovanni's Restaurant is the party that petitioned for the visa, so it, not Plaintiff, is considered the proper party having a personal stake in the outcome sufficient to warrant such invocation of federal court jurisdiction.

Further, pursuant to 8 C.F.R. §103.3(a)(iii)(B), the affected party is the entity with legal standing to file an appeal and it does not include the beneficiary of the visa.  See Morris v.

Gonzales, 2007 WL 2740438, at *6 (E.D.Pa. Sep. 19, 2007); Blacher at 606. In the case at bar, Plaintiff is merely a beneficiary and thus not an affected party possessing legal standing.

### B. The Court Lacks Subject Matter Jurisdiction

Irrespective of whether Plaintiff has standing, which he does not, Defendants' motion to dismiss granted because this Court lacks subject matter jurisdiction. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), Congress restricted federal courts from reviewing certain discretionary decisions of the Attorney General or the Secretary of Homeland Security[2]. This provision provides in relevant part that no court shall have jurisdiction to review:

> [a]ny . . . decision of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum].

8 U.S.C. § 1252(a)(2)(B)(ii).

Plaintiff's petition was revoked pursuant to 8 U.S.C. § 1155, which provides the Secretary of Homeland Security with the authority to revoke a previously approved visa petition. The statute states that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. 8 U.S.C. § 1155. In Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196 (3d Cir. 2006), the United States Court of Appeals for the Third Circuit ("Third Circuit") held that the Attorney General's decision to revoke the prior approval of a visa petition under 8 U.S.C.

---

[2] The authority to revoke a visa petition and other immigration-related decisions, once exercised by the Attorney General, has been transferred to the Secretary of Homeland Security.

§ 1155 is "an act of administrative discretion that is shielded from court review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii)." Id. at 206.  The Third Circuit reasoned that the plain language of 8 U.S.C. § 1155 contains "several clear indications that the revocation of an approval of a petition is committed solely to administrative action." Id. at 203.  Here, as in Jilin, the decision to revoke Plaintiff's visa petition is within the Secretary of Homeland Security's sole discretion, and this Court lacks jurisdiction to review the administrative decision.

Ultimately, Defendants' motion to dismiss the Complaint for lack of Subject Matter Jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) should be granted, and it is therefore unnecessary to address Defendants' alternative motion to dismiss for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　　　　　　　　　　 S/ Dennis M. Cavanaugh　　　　
　　　　　　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

Date:          August  11 , 2008
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File